UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHSIN YAFAI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 16 C 9728 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| REX W. TILLERSON, Secretary of State, U.S. | ) | |
| Department of State, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to dismiss [10]. The Court dismisses Plaintiffs' complaint without prejudice. See Statement for further details.

## STATEMENT

Plaintiff Mohsin Yafai, a native of Yemen, is a naturalized United States citizen. He filed an I-130 immigration petition on behalf of his wife, Plaintiff Zahoor Ahmed, which U.S. Citizenship and Immigration Services ("USCIS") approved. But Ahmed remains in Yemen because the State Department denied her visa application under 8 U.S.C. § 1182(a)(6)(E), maintaining that Ahmed attempted to smuggle two children into the United States.[1] Yafai and Ahmed have filed a declaratory judgment complaint challenging the denial of Ahmed's visa application. They argue that the stated reason for the visa denial is factually incorrect and fails to take into account evidence they submitted that demonstrates that Ahmed did not attempt to smuggle into the United States her two children who tragically drowned before the denial of her visa application. Defendants[2] move to dismiss the complaint for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

---

[1] Although Yafai and Ahmed acknowledge that they may seek a waiver for the denial of Ahmed's visa in limited circumstances, it does not appear that Ahmed sought a waiver in this case.

[2] Yafai and Ahmed filed their complaint in October 2016, before the change in administrations, and thus named individuals as Defendants in their official capacities who no longer hold office. As appropriate, the Court substitutes the individuals currently holding these offices as named Defendants. See Fed. R. Civ. P. 25(d). Specifically, the following are Defendants in this suit: Rex W. Tillerson, U.S. Secretary of State, U.S. Department of State; Jefferson B. Sessions, III, U.S. Attorney General; Michele Thoren Bond, former Assistant Secretary of the Bureau of Consular Affairs (this position is currently vacant); Matthew Tueller, Chief of Mission of the Embassy of the United States in Sana'a, Yemen; Richard Riley, Deputy Chief of Mission of the Embassy of the United States in Sana'a, Yemen; R. Stephen Beecroft, Ambassador Extraordinary and Plenipotentiary of the United States of America to the Arab Republic of Egypt; Thomas Goldberger, Deputy Chief of Mission of the Embassy of the United States in Cairo, Egypt; James McCament, Acting Director, U.S. Citizenship and Immigration Services.

Defendants argue that the Court should dismiss Yafai and Ahmed's case based on the doctrine of consular nonreviewability. "In general, courts have no authority to second-guess the Executive's decisions" as to "who will have the privilege of entering" the United States, decisions "that are typically made by consular officers of the Department of State."[3] *Hazama v. Tillerson*, 851 F.3d 706, 708 (7th Cir. 2017). But two potential exceptions to review have been recognized: where the decision not to admit is not based on a "facially legitimate and bona fide reason" and where "a visa denial affects the constitutional rights of American citizens." *Id.* at 708–09; *see also Cardenas v. United States*, 826 F.3d 1164, 1169 (9th Cir. 2016). As long as a consular official provides a facially legitimate and bona fide reason for a visa's denial, the Court cannot review the issue further. *Kleindienst v. Mandel*, 408 U.S. 753, 770, 92 S. Ct. 2576, 33 L. Ed. 2d 683 (1972). Although unadmitted, nonresident aliens, such as Ahmed, "have no free-standing constitutional right to enter the United States," some authority suggests that Yafai has an interest in his wife's admission to the United States. *Hazama*, 851 F.3d at 708–09.

Assuming that Yafai has enough of an interest in the grant of a visa to his wife to allow the case to go forward, Yafai must still allege that the consular decision was not facially legitimate and bona fide. *See id.* at 709 (assuming, without deciding, that visa denial affected constitutional right of U.S. citizen spouse). But according to the Supreme Court's recent decision in *Kerry v. Din*, a consular officer's citation of a valid statute of inadmissibility, which includes "discrete factual predicates the consular officer must find to exist before denying a visa," suffices to demonstrate a facially legitimate and bona fide basis for the denial. *See* --- U.S. ----, 135 S. Ct. 2128, 2140–41, 192 L. Ed. 2d 183 (2015) (Kennedy, J., concurring).[4] To overcome such a reference to statutory authority, Yafai must allege that the consular officer acted in bad faith in denying the visa. *Id.* at 2141. Here, the consular officer cited a valid statutory basis for inadmissibility—8 U.S.C. § 1182(a)(6)(E)—and explained that Ahmed attempted to smuggle two children into the United States using the identities of Yaqub Mohsin Yafai and Khaled Mohsin Yafai. *See* Doc. 1-1 at 21. Ahmed received the same explanation two years later after providing additional documentation to disprove the smuggling conclusion. *See id.* at 22. Although Ahmed and Yafai deny that Ahmed attempted to smuggle children into the United States and point to the documents attached to their complaint as proof that the named children drowned prior to the consular officers' determinations, these denials and the documents do not suggest that the consular officers' decision lacked a facially legitimate and bona fide

---

[3] The Seventh Circuit has recently clarified that the doctrine of consular nonreviewability is not an issue of subject matter jurisdiction but rather "a reason to decide in the agency's favor." *Morfin v. Tillerson*, 851 F.3d 710, 711 (7th Cir. 2017) (modifying district court's judgment to indicate that claim was rejected on the merits instead of for lack of jurisdiction).

[4] No single opinion in *Din* commanded a majority, with the concurrence finding it did not need to go beyond the decision in *Mandel* to determine whether a facially legitimate and bona fide explanation existed for the denial of the visa in that case. *Din*, 135 S. Ct. at 2140 (Kennedy, J., concurring). The Seventh Circuit recently declined to "identify the controlling view in *Din* given that the concurring opinion is not a logical subset of the lead opinion (or the reverse)" and instead followed *Mandel*'s instruction "not to go behind a facially legitimate and bona fide explanation." *Morfin*, 851 F.3d at 713. Nonetheless, the *Din* concurrence's explanation of how to determine whether the consular officer provided a facially legitimate and bona fide explanation proves helpful here. *See Cardenas*, 826 F.3d at 1172 (applying *Din* concurrence's discussion of the facially legitimate and bona fide reason test).

basis.  *See Morfin v. Kerry*, No. 14 C 10198, Doc. 22 at 5 n.2 (N.D. Ill. Sept. 22, 2015) ("If courts were to hold that an applicant's mere denial of the violation, without more, would be sufficient to satisfy the exception to the general rule of consular nonreviewability, the exception would swallow the rule."), *aff'd as modified*, 851 F.3d 710 (7th Cir. 2017).  Nor can the Court go beyond the consular officers' decisions to consider whether the submitted evidence disproves the asserted basis for the denial absent a plausible allegation of bad faith, which Yafai and Ahmed's complaint lacks.  *See Din*, 135 S. Ct. at 2141 (courts cannot look for additional factual details behind the consular official's decision to deny a visa application) *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 137 (2d Cir. 2009) (reviewing cases considering whether courts could consider supporting evidence and concluding that *Mandel* does not allow courts to "look behind" a consular officer's decision, meaning a district court should not consider additional evidence absent "a well supported allegation of bad faith"); *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 200 (S.D.N.Y. 2015) (refusing to consider documents submitted by plaintiff to consulate to determine whether they demonstrated compliance with visa requirements).  Because the complaint includes only allegations concerning the alleged erroneous nature of the consular decision, and nothing challenging the consular officers' bad faith in making that decision, the complaint fails on the merits with respect to the visa denial.

      Finally, the Court must address USCIS' presence in the case.  The complaint includes allegations that Ahmed's I-130 petition has been remanded to USCIS for further review or readjudication.  Although USCIS is named in the caption, it is not included as a party in the body of the complaint and the only related request for relief in the complaint is that Ahmed's visa application be remanded to the embassy for readjudication.  Ahmed and Yafai admit that, if the file remains with the State Department, they have no claim against USCIS.  An affidavit attached to Defendants' reply indicates that Ahmed's case has not been returned to USCIS.  Based on this representation and Ahmed and Yafai's concession, the Court dismisses McCament, the Acting Director of USCIS, from the case.  This results in the dismissal of all claims asserted by Yafai and Ahmed.  Because the Court cannot conclusively determine that amendment would be futile, however, the Court dismisses Yafai and Ahmed's complaint without prejudice.


Date:  May 10, 2017                                                  /s/Sara L. Ellis_____