UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHSIN YAFAI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 16 C 9728 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| REX W. TILLERSON, Secretary of State, U.S. Department of State, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court grants Defendants' motion to dismiss [18]. The Court dismisses Plaintiffs' complaint with prejudice and terminates this case. See Statement for further details.

## STATEMENT

Plaintiff Mohsin Yafai, a native of Yemen, is a naturalized United States citizen. He filed an I-130 immigration petition on behalf of his wife, Plaintiff Zahoor Ahmed, which U.S. Citizenship and Immigration Services ("USCIS") approved. But Ahmed remains in Yemen because the State Department denied her visa application under 8 U.S.C. § 1182(a)(6)(E), maintaining that Ahmed attempted to smuggle two children into the United States.[1] Yafai and Ahmed have filed a declaratory judgment complaint challenging the denial of Ahmed's visa application and seeking a declaration that the evidence submitted demonstrates that the two children at issue are Yafai and Ahmed's children. The Court previously dismissed their complaint, finding that the complaint failed to affirmatively allege facts challenging the consular officers' bad faith in denying the visa. *See* Doc. 14. Yafai and Ahmed have filed an amended complaint but Defendants[2] again seek dismissal, arguing that the amended complaint similarly lacks allegations to support a bad faith claim.

---

[1] Although Yafai and Ahmed acknowledge that they may seek a waiver for the denial of Ahmed's visa in limited circumstances, it does not appear that Ahmed sought a waiver in this case.

[2] Yafai and Ahmed have named individuals as Defendants in their official capacities. Where appropriate, the Court has substituted the individuals currently holding these offices as named Defendants. *See* Fed. R. Civ. P. 25(d). Specifically, the following are Defendants in this suit: Rex W. Tillerson, U.S. Secretary of State, U.S. Department of State; Jefferson B. Sessions, III, U.S. Attorney General; Carl C. Risch, Assistant Secretary of the Bureau of Consular Affairs; Matthew Tueller, Chief of Mission of the Embassy of the United States in Sana'a, Yemen; Ana Escrogima, Deputy Chief of Mission of the Embassy of the United States in Sana'a, Yemen; and R. Stephen Beecroft, former Ambassador Extraordinary and Plenipotentiary of the United States of America to the Arab Republic of Egypt (this position is currently vacant).

"In general, courts have no authority to second-guess the Executive's decisions" as to "who will have the privilege of entering" the United States, decisions "that are typically made by consular officers of the Department of State."[3] *Hazama v. Tillerson*, 851 F.3d 706, 708 (7th Cir. 2017). But two potential exceptions to review have been recognized: where the visa denial is not based on a "facially legitimate and bona fide reason" and where "a visa denial affects the constitutional rights of American citizens." *Id.* at 708–09; *see also Cardenas v. United States*, 826 F.3d 1164, 1169 (9th Cir. 2016). As long as a consular official provides a facially legitimate and bona fide reason for a visa denial, the Court cannot review the issue further. *Kleindienst v. Mandel*, 408 U.S. 753, 770, 92 S. Ct. 2576, 33 L. Ed. 2d 683 (1972). Although unadmitted, nonresident aliens, such as Ahmed, "have no free-standing constitutional right to enter the United States," some authority suggests that Yafai has an interest in his wife's admission to the United States.[4] *Hazama*, 851 F.3d at 708–09.

Assuming that Yafai has enough of an interest in the grant of a visa to his wife to allow the case to go forward, Yafai must still allege that the consular decision was not facially legitimate and bona fide. *See id.* at 709 (assuming, without deciding, that visa denial affected constitutional right of U.S. citizen spouse). But according to the Supreme Court's recent decision in *Kerry v. Din*, a consular officer's citation of a valid statute of inadmissibility, which includes "discrete factual predicates the consular officer must find to exist before denying a visa," suffices to demonstrate a facially legitimate and bona fide basis for the denial. *See* --- U.S. ----, 135 S. Ct. 2128, 2140–41, 192 L. Ed. 2d 183 (2015) (Kennedy, J., concurring).[5] Here, the consular officer cited a valid statutory basis for inadmissibility—8 U.S.C. § 1182(a)(6)(E)—and explained that Ahmed attempted to smuggle two children into the United States using the identities of Yaqub Mohsin Yafai and Khaled Mohsin Yafai. *See* Doc. 16-1 at 21. Ahmed received the same explanation two years later after providing additional documentation to disprove the smuggling conclusion. *See id.* at 22. Despite Ahmed and Yafai's arguments to the contrary, this citation suffices to demonstrate a facially legitimate and bona fide basis for the

---

[3] The Seventh Circuit has recently clarified that the doctrine of consular nonreviewability is not an issue of subject matter jurisdiction but rather "a reason to decide in the agency's favor." *Morfin v. Tillerson*, 851 F.3d 710, 711 (7th Cir. 2017) (modifying district court's judgment to indicate that claim was rejected on the merits instead of for lack of jurisdiction).

[4] Yafai and Ahmed set forth in great detail reasons why Yafai has a liberty interest in the approval of Ahmed's visa. The Court previously assumed that he had enough of an interest to go forward and still found he failed to overcome the doctrine of consular nonreviewability. *See* Doc. 14 at 2. Proceeding on the same assumption here, the Court need not address the purported bases establishing Yafai's liberty interest in the approval of Ahmed's visa.

[5] No single opinion in *Din* commanded a majority, with the concurrence finding it did not need to go beyond the decision in *Mandel* to determine whether a facially legitimate and bona fide explanation existed for the denial of the visa in that case. *Din*, 135 S. Ct. at 2140 (Kennedy, J., concurring). The Seventh Circuit recently declined to "identify the controlling view in *Din* given that the concurring opinion is not a logical subset of the lead opinion (or the reverse)" and instead followed *Mandel*'s instruction "not to go behind a facially legitimate and bona fide explanation." *Morfin*, 851 F.3d at 713. Nonetheless, the *Din* concurrence's explanation of how to determine whether the consular officer provided a facially legitimate and bona fide explanation proves helpful here. *See Cardenas*, 826 F.3d at 1172 (applying *Din* concurrence's discussion of the facially legitimate and bona fide reason test).

denial. *See Chehade v. Tillerson*, --- F. App'x ----, 2017 WL 4966863, at *1 (9th Cir. Oct. 27, 2017) (where a statute "'specifies discrete factual predicates the consular officer must find to exist before denying a visa,' it is not necessary for there to also be a fact in the record providing a facial connection to the statutory ground of inadmissibility" (quoting *Din*, 135 S. Ct. at 2141)); *Singh v. Tillerson*, --- F. Supp. 3d ----, 2017 WL 4232552, at *6 (D.D.C. Sept. 21, 2017) (citation to § 1182(a)(6)(E) provided facially legitimate reason for denial of visa application).

To overcome the reference to statutory authority, Yafai must allege that the consular officer acted in bad faith in denying the visa. *Din*, 135 S. Ct. at 2141. In their amended complaint, Ahmed and Yafai argue that the consular officer acted in bad faith because they submitted large amounts of evidence and the officer ignored this evidence. But these allegations do not relate to bad faith but rather to the reasonableness of the consular officer's decision. *See Bustamante v. Mukasey*, 531 F.3d 1059, 1062–63 (9th Cir. 2008) ("[T]o make an allegation of bad faith sufficient to withstand dismissal . . . [plaintiff must] allege that the consular official did not in good faith believe the information he had. It is not enough to allege that the consular official's information was incorrect."). And as the Court previously noted, the Court cannot go beyond the consular officer's decisions to consider whether the submitted evidence disproves the asserted basis for the denial absent a plausible allegation of bad faith. *See Din*, 135 S. Ct. at 2141 (courts cannot look for additional factual details behind the consular official's decision to deny a visa application); *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 137 (2d Cir. 2009) (reviewing cases considering whether courts could consider supporting evidence and concluding that *Mandel* does not allow courts to "look behind" a consular officer's decision, meaning a district court should not consider additional evidence absent "a well supported allegation of bad faith"); *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 200 (S.D.N.Y. 2015) (refusing to consider documents submitted by plaintiff to consulate to determine whether they demonstrated compliance with visa requirements). Although Ahmed and Yafai argue that the consular officer must have invented allegations in light of the documents they submitted, their allegations do not sufficiently establish an affirmative showing of bad faith. *See Cardenas*, 826 F.3d at 1172 (consular officer's refusal to accept new evidentiary documents did not demonstrate bad faith).

Ahmed and Yafai also argue that their amended complaint should proceed because they separately seek a declaration that the evidence they submitted demonstrates that the two children at issue are their children. But such a declaration specifically calls into question the consular officer's decision and visa denial. The Court has already found that the doctrine of consular nonreviewability prevents the Court from considering these questions, and Ahmed and Yafai cannot get around this doctrine by seeking a declaratory judgment of the underlying question. Therefore, the Court dismisses the amended complaint with prejudice and terminates this case.

Date: November 27, 2017 /s/ Sara L. Ellis_____